IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Betty Jane Spencer Deans, | ) | C/A No.: 1:12-3634-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UHS Pruitt Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Betty Jane Spencer Deans ("Plaintiff"), proceeding pro se, brought this employment action against UHS Pruitt Corp ("Defendant"). This matter comes before the court on Plaintiff's motion to amend the amended complaint [Entry #25] and motion for an extension of time to serve her summons and complaint on Defendant [Entry #26].

Liberally construed, Plaintiff's amended complaint [Entry #16] asserts claims against Defendant for failure to provide a religious accommodation, disparate treatment based on her religion, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). The Clerk of Court issued a summons to Plaintiff on March 22, 2013. [Entry #20]. On July 15, 2013, the undersigned issued the following text order:

> Despite the passage of more than 120 days since the filing of the complaint in this action, no proof of service has been filed indicating service on the defendant. See Fed. R. Civ. P. 4(m) (setting 120-day period for service). Plaintiff has also failed to comply with Local Civil Rule 4.01, which requires her to give the court and any earlier-served party written notice at the expiration of the 120-day period of the identity and reasons for non-service of any party who has not been served. The court, therefore, gives notice under Fed. R. Civ. P. 4(m), that it will recommend this action be

>    dismissed without prejudice for non-service if Plaintiff does not show good cause for the failure of service by July 30, 2013.

[Entry #23]. On July 18, 2013, moved the court to amend her amended complaint and for an extension of time in which to serve Defendant.

In her motion to amend, Plaintiff requests to "change/amend the complaint from Title VII . . . to breach of contract . . . ." [Entry #25]. Plaintiff states that an attorney, who has not made an appearance on her behalf, told her that she would have a better chance to win the case if she had filed it as a breach of contract. *Id.*

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

Here, Plaintiff's proposed amendment does not appear to be prejudicial to Defendant, as it has not been served with the amended complaint. Additionally, Plaintiff's reason for amending does not appear futile and there is no apparent bad faith. Therefore, Plaintiff's motion to amend is granted. The Clerk of Court is to provide Plaintiff with the court-approved form for filing a complaint with this order. Plaintiff is directed to file her second amended complaint on the court-approved form by August 8, 2013.

Plaintiff is advised that her second amended complaint should contain an explanation of the court's jurisdiction. As Plaintiff has indicated that her second amended complaint will assert a claim for breach of contract instead of Title VII claims, the court will be divested of its federal question jurisdiction. It appears that Plaintiff wishes to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's second amended complaint should clearly establish the citizenship of all parties and the amount in controversy.

If the court maintains federal jurisdiction of the amended complaint, the undersigned will issue a new serve order and direct the clerk to issue a new summons. Plaintiff's motion for extension is denied as moot.

IT IS SO ORDERED.

*Shiva V. Hodges*

July 25, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge